EDWARD J. TURNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18543.   Promulgated March 15, 1927.

Under the Revenue Act of 1921, the March 1, 1913, value of property must be reduced by depreciation sustained in determining the gain from the sale of property.

*Charles H. Smith, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1922 in the amount of $642.18. The deficiency arises from the action of the respondent in reducing the March 1, 1913, value of a building by depreciation sustained in determining the amount of gain on the sale thereof in 1922, such depreciation not having been claimed as a deduction in the income-tax returns of the petitioner in years prior to 1920.

No testimony was introduced, all of the facts being stipulated.

### FINDINGS OF FACT.

The petitioner is an individual and a citizen of the United States, residing at Rutherford, N. J.

In May, 1908, the petitioner acquired real property located at 74–80 Park Avenue, Rutherford, N. J., at a cost of $18,500. The fair market value of said property as of March 1, 1913, was: Land $13,062.50, buildings $18,500—total $31,562.50.

Subsequent to March 1, 1913, the petitioner expended for improvements on said building the sum of $858.45. Prior to 1920 the petitioner, in making his income-tax returns, made no claim for depreciation on said property. In 1922 he sold the said property for $56,928.80. In reporting the transaction in his 1922 return, the petitioner added depreciation to the purchase price equal to the sum deducted as such in his income-tax returns for the years 1920 and 1921, in the total sum of $740. The respondent adjusted depreciation on said building from $740 to $3,268.33, by computing depreciation on the March 1, 1913, value of the building ($18,500) at

the rate of 2 per cent for eight and five-sixths years, that is, from March 1, 1913, to December 1, 1921.

OPINION.

TRAMMELL: There is no question between the petitioner and the respondent as to the rate of exhaustion, wear and tear, as both used the same rate. The petitioner, however, in determining the gain from the sale of the property, disregarded the exhaustion sustained, except for the two years, when he claimed deductions in his income-tax returns with respect thereto. Under the Revenue Act of 1921, it is immaterial whether the petitioner deducted any amount on account of exhaustion, wear and tear in determining his gain from the sale of property. He can not, under that Act, reduce his taxable gain from the sale of property by not claiming deductions for exhaustion, wear and tear sustained. This case is governed by the *Appeal of Even Realty Co.*, 1 B. T. A. 355. See also *Appeal of Cotton Concentration Co.*, 4 B. T. A. 121; *Appeal of Capital City Investment Co.*, 4 B. T. A. 933; *Island Line Shipping Co.* v. *Commissioner*, 4 B. T. A. 1055; and *Gertrude B. Whittemore* v. *Commissioner*, 6 B. T. A. 339.

*Judgment will be entered for the respondent.*